IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GEORGE D. McCARLEY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF ROANOKE, et al., )<br>)<br>    Defendants. ) | 3:06-CV-00663-MHT-DRB<br>WO |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Because this complaint by a frequent *pro se* filer fails to invoke the jurisdiction of this federal court, and the Plaintiff has been afforded a reasonable opportunity to remedy jurisdictional defects, the Magistrate Judge now recommends DISMISSAL prior to service of the complaint, pursuant to 28 U.S.C. § 1915.

### I.   BACKGROUND

Upon referral of the Complaint docketed July 25, 2006, for disposition or recommendation on all pretrial matters, the undersigned Magistrate Judge noted patent deficiencies with respect to (1) the basis of a cognizable cause of action against each named defendant; (2) Plaintiff's requested class certification; and (3) persons being sued who may be immune from suit.  In deference to the plaintiff's *pro se* status, the court issued on July 31, 2006, an Order which informed the Plaintiff, George D. McCarley ("McCarley") of these deficiencies and set a pre-service hearing, pursuant to 28 U.S.C § 1915(e).  The *Order*(Doc. 5) also summarized pertinent rules and requirements for a federal civil complaint.

The court  allowed McCarley to explain the factual basis for his intended lawsuit which

designates 15 defendants: the City of Roanoke, its Municipal Court Clerk, City Manager, Prosecutor/Municipal Attorney, Municipal Court Judge, Mayor, City Clerk, former Mayor, and an individual poll worker of the City; the Alabama Attorney General, an Examiner, a Hearing Officer, the Commissioner, the Assistant Commissioner, and a corporate tax division employee for the Alabama Department of Revenue. Discussion underscored the court's preliminary view that the complaint fails to invoke federal jurisdiction. Nonetheless, in an *ORDER DIRECTING AMENDED COMPLAINT OR DISMISSAL OF DEFICIENT COMPLAINT* (Doc. 8, Sept. 1, 2006), the court provided a month, until October 2, 2006, for McCarley to attempt to state any viable federal cause of action against any defendants who are not immune from suit, or to file a Motion for Leave to Withdraw his Complaint and end this federal litigation. The Order repeated the court's advice to McCarley at the pre-service hearing that he should consult with a competent lawyer about the merits of his action and --

    a. that the court will not permit the filing of multiple complaints in a single pleading as it appears the plaintiff seeks to do by outlining one complaint at pages 1-10 and a second complaint at pages 11-38;

    b. that the purported complaints are subject now to dismissal for failure to state a claim for which relief can be granted against the designated defendants in federal court. Upon notice of the plaintiff's deficient understanding of the "federal question" jurisdiction he seeks to invoke, the court specified how the numbered paragraphs through page 10 (i) fail absolutely to state a cognizable claim for the asserted violations of plaintiff's First and Fourteenth Amendment rights; and (ii) seek damages and remedies against defendants who are either immune or cannot be held responsible for the action identified as the basis for his complaints, a purportedly unfounded complaint from a non party, private realtor for his arrest.

    In lieu of meeting the October 2 deadline, McCarley filed a *Motion,* docketed on October 4, seeking an extension for an unspecified period based on various conflicts and difficulties in securing counsel. In principal deference to his s status as a non-lawyer and his apparent

good faith in seeking legal advice regarding the propriety of continuing his action, the court extended his deadline for another month, until November 2, but advised:

> Plaintiff is advised that the court deems the time allotted more than reasonably adequate in light of his representations concerning the nature of the claims he wishes to assert as well as the court's specific advice on not only the limited scope of claims subject to federal jurisdiction but also the entitlement of certain named defendants to assert various immunities. Consequently, any further claims for continuances -- absent extraordinary justification -- will not be viewed favorably.

(*Doc. 10*)

On the November 2 deadline, McCarley filed yet another *Motion for Continuance* (Doc. 11), alleging (a) his difficulties in meeting this court's deadline and another deadline for pleadings in his other *pro se* complaints in this court, and (b) his unsuccessful efforts to secure counsel, marked by "two significant responses: (1)"....you should be prepared for the case to be remanded to a Federal Prosecutor, and (2) "...attorney's need to get paid". McCarley acknowledged, as follows, the court's prior notice of adverse consequences in the event of his non-compliance with the twice-extended deadline: "Should the Court decide against continuance, then McCarley has no other option except to request permission to withdraw these complaints." In denying a third continuance, the court explained:

> After consideration of the *Motion for Continuance*, filed by this *pro se* plaintiff on November 2, 2006 (Doc. 11), the court concludes that there is no compelling justification for any further continuance, that this Plaintiff received reasonable notice that no further continuance would be granted for the reasons stated in its Order filed October 5, 2006 (Doc. 10), and that the interests of judicial integrity and judicial economy would be disserved by protracting this litigation any further as the record is clear that Plaintiff cannot state a valid claim for which relief can be granted in this federal court against the defendants designated. This frequent *pro se* plaintiff's history of meritless lawsuits in this court is well-documented and serves to buttress the court's conclusion. *See Order and Recommendation of the Magistrate Judge* (Doc. 16, October 10, 2006), Civil Action No. 3:06CV91(involving 15 lawsuits filed this year in this court).

3

## II.  DISCUSSION

Construed liberally, McCarley's Complaint seeks to hold the city and various officers – including its judge, mayor, and prosecutor – along with the state attorney general and various state officers, liable in monetary damages, for a purportedly unfounded complaint for his arrest filed by a non-party, private realtor. Diversity of citizenship is patently absence, and no federal question is presented. The court has deferred significantly to the plaintiff's status as a non-lawyer, *pro se* litigant by providing written guidance on the parameters of federal jurisdiction, by conducting an in-court conference to detail the futility of pursuing his complaint in federal court, and by providing liberal deadlines for an amended complaint. Having had at least three months to secure counsel and otherwise sustain this action, McCarley acknowledges that he cannot now state a valid claim for relief in this federal court against the named defendants.

Permitting the present complaint to be served would not only unnecessarily burden this court with frivolous litigation but also burden both city and state taxpayers who would bear inevitably the litigation defense of the governmental entities and officials named as defendants. Allowing further continuances for an amended complaint would undermine this court's own rules and its institutional integrity given this court's determination that the grievances articulated by McCarley at the pre-service hearing simply do not invoke this court's subject-matter jurisdiction.

## III.  CONCLUSION

It is, therefore, the **Recommendation of the Magistrate Judge, that this action, be dismissed prior to service of process and without prejudice, pursuant to 28 U.S.C.§ 1915(e)(2),** because it is frivolous or malicious, fails to state a claim on which relief may be granted, and also seeks monetary relief against a defendant who is immune from such relief.

**It is further ORDERED that Plaintiff file any objections to this Recommendation not later than November 20, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE THIS 6th day of November, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE