IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| George D. McCarley,  )  <br> Plaintiff,  ) | |
| ) | |
| v.  ) | 3:06-CV-00663-MHT-DRB |
| ) | |
| CITY OF ROANOKE, a Municipal Corporation, et.al, ) <br> Defendants, ) | |
| ) | |

**Plaintiff Respectfully Requests Permission to Reopen Civil Rights Case**

Plaintiff George D. McCarley prays this court will agree to reopen this §1983 and §1985 case as a result of continuing Civil Rights violations perpetrated by City of Roanoke in the interval since the court dismissed without prejudice the original complaint.

The original complaint was lodged as a result of a series of civil rights violations by City of Roanoke, including but not limited to (i) refusal to count plaintiff votes as Mayor in 2000; (ii) illegal arrest[1] of plaintiff on perjured conditions in 2001 that were the result of a visit to sister in hospital with emergency surgical relapse[2] complications on the day plaintiff was to appear in court on a traffic charge; (iii) arrest of same sister one month later on perjured nuisance complaint; (iv) upon release of sister without charge or penalty, judge marked her record as if guilty as charged; (v) false arrest and imprisonment of McCarley upon perjured charges in May 2006[3].

In the interim since dismissal of original civil rights complaint, several events ensued. (a) City of Roanoke upon knowledge of original filing began to recuse and delay action on most recent arrest. (b) McCarley issued some 20 subpoena and depositions that were never delivered. (c) On original city court date, Municipal Judge stated he would grant change of venue to Clay County. He appointed a first

---

[1] See First Exhibit, 2001 record of illegal arrest
[2] See Exhibit 2, see hospital record
[3] See Original Civil Rights Complaint

defense attorney who declined upon review of details although advising prosecutor to drop charges. (d) On the day second appointed attorney ordered McCarley original subpoenas issued, we learned a stand-in judge had been appointed and he subsequently appointed a third and fourth defense attorney. (e) When latest attorney's failed to order subpoenas or to talk with McCarley, then McCarley fired the new attorneys and intended to defend pro se. (f) On arrival at court, McCarley was met by the fired attorneys. Judge insisted McCarley use the attorneys which we did upon grounds of a joint defense. (g) As defense unfolded, Judge ordered that only one of the three defenders (two attorney's and McCarley) could cross examine any witness. This caused myriad points of evidence to be missed in the hurried affair. (h) In "fitting" conclusion, City of Roanoke produced a secret witness never disclosed to defense. McCarley had issued a standard defense motion advocated by *Rule 16.5 of the Alabama Rules of Criminal Procedure* demanding disclosure of any and all witnesses, material and evidence in advance. (denied without comment) Given Rule 16 discovery, McCarley could easily have impeached the secret witness on two counts; (1) McCarley learned a few days later that the secret witness had been employed by a city works contractor which McCarley campaigned to close prior to 2000, and, (2) McCarley had argued with secret witness a few months earlier over witness act of destroying landscaping during witness official city duties.

**Plaintiff McCarley believes these wanton acts by City of Roanoke that are obviously sanctioned by State of Alabama are sufficiently unconscionable that this court should immediately serve the complaint on all those indicted**. City failure to issue subpoenas or deposition ordered by McCarley prevented any ability to disprove the lies cast against him, resulting in conviction of a lesser offense[4] just three days prior to a FRCP Rule 25(f) hearing in the case of 3:06 cv 00091. Sadly, additional out of state individuals and possibly City Policemen will now be indicted upon presentation of amended complaint as should be granted by this court.

McCarley further charges that "No one outside the *Communist Gulag* would utilize a *SECRET WITNESS*" and this heinous act must and should culminate with an order of this Federal Court for the

Middle District of Alabama that shuts down the Roanoke City Court for an unspecified period of time.

Lastly, this court must insure that (if) State of Alabama municipal statutes allow such activity, same will be declared unconstitutional, with requisite investigation of like municipalities across Alabama.

                              Respectfully Submitted

                              George D. McCarley    (March 24, 2007)
                              216B Chestnut St
                              Roanoke, Al  36274
                              334-863-6489

## PROOF OF SERVICE

I, George D. McCarley, do swear or affirm that on this date, March 24, 2007, as required by Supreme Court Rule 29 I have served the enclosed RESPONSE on each party to the above proceeding or that party's counsel, and on every other person required to be served, by depositing envelope containing the above documents in the United States Mail properly addressed to each of them, and with first class postage prepaid, or by delivery to a third party commercial carrier for delivery within 3 calendar days.

The Clerk
Middle District of Alabama, Eastern Division
One Church Street, PO Box 711
Montgomery, Al  36101-0711
334-954-3600

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 24, 2007

                              George D. McCarley

---

[4] See Exhibit, 2007 city court action

| State of Alabama<br>Unified Judicial System | **ALIAS WARRANT** | Warrant Number:<br>AW 02 000701 |
|---|---|---|
| Form MC-11A   Rev: 7/01 | | Case Number:<br>TR 02 000701 |

THE STATE OF ALABAMA
<u>Randolph</u> COUNTY

TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA

Defendant, <u>GEORGE D MCCARLEY</u>, having been arrested for the offense of <u>DRIVING W/LICENSE SUSPEND</u> and released on Bail or own recognizance, promising to appear in the Municipal Court of <u>Roanoke</u>, Alabama on the <u>1st day of October, 2002</u>, to answer said charges, and having failed to appear in said court as directed; you are, therefore, commanded forthwith to arrest the above named Defendant, and commit him/her to jail unless he/she gives sufficient bail to appear in said charge, and to make return of this alias warrant according to law.

Witness my hand this <u>1st day of October, 2002</u>

_____
Judge/Magistrate

### ARREST INFORMATION

THE CITY OF ROANOKE
V.
GEORGE D MCCARLEY

### DEFENDANT IDENTIFICATION

Name <u>GEORGE D MCCARLEY</u>  D.O.B. _____  Age <u>48</u>
Address <u>211 CHESTNUT ST</u>   <u>ROANOKE</u>  <u>AL 36274</u>
Race <u>W</u>  Sex <u>M</u>  Height <u>600</u>  Hair <u>BRN</u>  Eyes <u>BLU</u>  Weight <u>220</u>
DL# _____ <u>AL</u>  Social Security Number _____  Telephone _____
Other _____

☐ The defendant may be released on bail upon his/her entering into bond in the amount of <u>500.00</u> dollars with <u>one</u> good sureties approved by an authorized officer or
☐ The defendant may be released on bail upon his/her entering into bond in the amount of <u>500.00</u> dollars by depositing cash in the above amount with the court clerk.
☐ The defendant may be released on own recognizance.

_____
Judge/Magistrate

### CERTIFICATE OF EXECUTION

I have executed this warrant by arresting the within named defendant <u>George McCarley</u>
on this date, <u>10/3/02</u>

☑ Committing to jail.   ☐ Admitting to bail.

Remarks _____

_____
Officer's Signature

(c) ETA Data Direct, Inc.

CLAY CO. HOSPITAL P.O. BOX 1270 ASHLAND AL 36251

# RECORD OF ADMISSION

| Patient Name | Room No. | Hosp. No. | Address Line 1 | Address Line 2 |
|---|---|---|---|---|
| [illegible] | 114 | B50189 | 630 RANDOLPH ST | |

| Sex | Birthplace | City | State | Zip Code | County Code |
|---|---|---|---|---|---|
| F | | ROANOKE | AL | 36274 | RAN |

| Civil St. | Military | Religion | Church | Patient Telephone |
|---|---|---|---|---|
| S | N | | | 334-863-5633 |

| Name of Husband or Name of Wife | Spouse Birthplace | Spouse Employer Name |
|---|---|---|
| SINGLE | | CLAY COUNTY NURSING HOME |

| Spouse Address | Spouse Employer Address |
|---|---|
| | P.O. BOX 1270 ASH |

| Name of Father | Birthplace | Name of Mother | Birthplace |
|---|---|---|---|
| | | NA | |

| Name | Relationship | Address | | Telephone |
|---|---|---|---|---|
| [illegible] CAROLYN | SISTER | LAGRANGE | LAGRANGE GA | 706-837-9491 |

| Employer | Employer Address | Employer Telephone | Guarantor Occupation |
|---|---|---|---|
| CLAY COUNTY NURSING HOME | P.O. BOX 1270 ASHLAN | [illegible] | |

| Guarantor | Guarantor Telephone | Insurance |
|---|---|---|
| [illegible] | 334-863-5633 | BLUE CROSS CLAY CO H [illegible] 02567-7 |
| [illegible] | ROANOKE | |
| | AL 36274 | |

| Physician | Admitting Service | Smoker | Admitting Diagnosis |
|---|---|---|---|
| [illegible] | MEDICAL | N | ABD PAIN |

| | Last Admission | Previous Admission No. | Admission Date | Time of Admission | |
|---|---|---|---|---|---|
| | 2/27/03 | 791217 | 3/29/03 | 3:43 PM | [illegible] |

ADVANCE DIRECTIVES Y N

Bahes Surg

Enter DR 10

FILE

Improved Not Improved Not Treated Diagnosis Only Died Released Against Advice

Autopsy Yes

I have examined and approved this complete medical record on

Signed Attending Physician

# Clay County Healthcare Authority

83825 Highway 9 ◆ P.O. Box 1270 ◆ Ashland, AL 36251

## Fax Transmittal

**Clay County Hospital**
256-354-2131
**Clay County Nursing Home**
256-354-1202
**Twin Oaks Assisted Living**
256-396-6221

Date: 8-30-06   Time: 3:15 pn
To: George McCarley
Fax Number: 334 863-8990
From: CCH
Number of pages (inc. cover page): 2
Re: info requested

### Fax Numbers
### Area Code 256

| Department | Number |
|---|---|
| Administration | 354-1230 |
| Business Office | 354-1239 |
| Centralized Admitting | 354-1120 |
| Central Supply | 354-1206 |
| DME | 354-2825 |
| Emergency Room | 354-1240 |
| Home Health/Hospice | 354-1281 |
| Hospital Nurses' Desk | 354-1189 |
| Laboratory | 354-3532 |
| Maintenance | 354-1192 |
| Medical Records | 354-1237 |
| Nursing Home Unit 1 | 354-1244 |
| Nursing Home Unit 2 | 354-1262 |
| Outpatient /SDS | 354-1129 |
| Pharmacy | 354-1246 |
| Physical Therapy | 354-1181 |
| Quality Management | 354-1294 |
| Radiology | 354-1191 |
| Respiratory Therapy | 354-1238 |
| Safety | 354-1201 |
| Twin Oaks | 396-6221 |

☐ Verification: Please contact _____ at _____ to verify receipt of this fax.

☐ Confidential Health Information Attached
**The documents accompanying this transmission may contain confidential health information that is legally protected. As the recipient of this transmission, you are obligated to maintain it in a safe, secure and confidential manner.**

This fax is intended **only** for the use of the individual or entity named above and may contain information that is privileged and confidential. Unauthorized re-disclosure or a failure to maintain the confidentiality of the information contained herein could subject you to penalties under state and federal law. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, the reader is hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone.

Reference: 4001a

# IN THE MUNICIPAL COURT FOR THE CITY OF ROANOKE, ALABAMA

CITY OF ROANOKE,

      PLAINTIFF,

CASE NO. MC06-235

CHARGE assault 3rd degree

V.

George McCarley
    DEFENDANT.

## ORDER

The Defendant ~~has pled guilty~~ is found guilty OF HARASSMENT and sentenced to (2) two months ~~in the City Jail and ordered to pay a fine~~ suspended on payment of $ 200.00 FINE, plus court cost of $ 164.00, restitution of $ N/A, and other _____

All except _____ is suspended and the defendent is placed on _____ (active) (inactive) probation.

IT IS FURTHER ORDERED:

[ ] Community Service _____ Hours      [ ] See Other Order of Same Date

[ ] Defendent Attend Court Referral Program

[✓] Other   A shall be allowed to pay his fine and court costs on a payment plan all of which is to be paid within two (2) months.

It is the further ORDER of the Court and the defendant is hereby advised that the Court may at any time revoke or modify any conditions of this probation or change the period of probation and may discharge the defendant from probation or may extend the period of probation. The defendant shall be subject to arrest for violation of any condition of the probation here granted. The Court may, at any time, order the original sentence executed.

Done this 29th day of March, 2007

Date _____

Paid _____

Receipt _____

_____
Municipal Judge